Rosa M. RIVERA–RAMOS,
et al., Plaintiffs,

v.

Luis ARROYO–CHIQUES,
et al., Defendants.

Civil No. 13–1903 (GAG).

United States District Court,
D. Puerto Rico.

Feb. 14, 2014.

Eliezer Alberto Aldarondo–Lopez, Sheila J. Torres–Delgado, David R. Rodriguez–Burns, Aldarondo & Lopez Bras, PSC, Guaynabo, PR, Eliezer Aldarondo–Ortiz, Ivan M. Castro–Ortiz, Aldarondo & Lopez Bras, Guaynabo, PR, for Plaintiffs.

*MEMORANDUM ORDER*

GUSTAVO A. GELPÍ, District Judge.

Plaintiff's motion for entry of default as to Defendants Municipality of Aguas Buenas, Mayor Luis Arroyo Chiques, and Nelson J. Ortiz Reyes is hereby **GRANTED**. (Docket No. 12.) Said Defendants were served with process on January 21 and 22, 2014. (See Docket 9.) The deadline to answer and/or otherwise plead contained in Fed.R.Civ.P. 12(a)(A)(i) & (b) hence has elapsed. The Federal Rules of Civil Procedure were promulgated to "secure the just, speedy and inexpensive determination of every action and proceeding." FED. R.CIV.P. 1. Failing to comply with such time limits without a request for extension is totally unwarranted.

Although default has been entered, it does not take astrologer Walter Mercado to predict that Defendants at some point will move to lift the default. And the court, indeed, if justified, will possibly do so. Notwithstanding, this long standing practice—whether intentional or unintentional—of many municipal defendants of ignoring federal court deadlines henceforth will not be tolerated by this judge. Delays deprive plaintiffs of their day in court. Delays also stall any possible resolution in defendants' favor. Most importantly, such delays affect the court's ability to effectively and efficiently manage and calendarize its docket.

Every delay caused by any case—civil or criminal—ultimately affects the speedy resolution of every other case. Those attorneys who practice before the federal court well know that this is not a forum where "ay bendito, juez deme un break" (literal translation: oh please, judge, give me a break) is the norm. And it is quite embarrassing, as well as a bad start, for counsel representing municipal (or any other) defendants to have to appear in federal court for damage control, rather than to litigate matters on the merits.

The United States District Court for the District of Puerto Rico carries one of the Nation's most congested criminal dockets. Almost every week, the undersigned sentences dozens of criminal defendants. Criminal evidentiary hearings and jury trials also frequently appear on calendar. The limited time that remains is devoted to moving along and resolving civil cases, which are normally trial-ready within a year, i.e., the rocket docket approach.

The instant case involves allegations of First Amendment violations based on political discrimination. Plaintiffs seek damages as well as injunctive relief. If there has been such violation, the court intends to remedy the same within a short span of time. If, on the other hand, Defendants did not incur in any constitutional violation, it is also fair and important to them that there be such pronouncement as soon as possible. Resolving this issue is the court's job, one way or the other, be it by way of a dispositive motion or a jury trial. Being in default thus constitutes a terrible start for Defendants. And if the same is indeed lifted, the court will award attorney's fees and costs to Plaintiffs related to the default. Also, the court can impose sanctions on defendants.

Plaintiffs shall request a default damages hearing within ten (10) days. Also, by virtue of the instant default, Plaintiffs are also entitled to an order of this court to the effect that their transitory appointments be renewed. They may also move to request this within the same time period.

The Plaintiffs shall notify Defendants of the entry of default by serving copy of this order upon them, and subsequently evidencing the same on the case docket.

**SO ORDERED.**